**STATE OF WEST VIRGINIA**

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **R.C.**

**No. 15-0959** (Calhoun County 14-JA-48)

**MEMORANDUM DECISION**

Petitioner Father A.C., by counsel Matthew A. Victor, appeals the Circuit Court of Calhoun County's August 31, 2015, order terminating his parental rights to two-year-old R.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the child also in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in terminating his parental rights to R.C.[2]

---

[1]The guardian's response to this Court was incorrectly titled as a "Reply of Guardian Ad Litem to Petition for Appeal" and failed to include a section regarding the status of the child. This information is of the utmost importance to this Court. The guardian's response also failed to cite to the record on appeal or any legal authority. We refer the guardian to Rules 10(c), 10(d), 10(e), and 11(j) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to clearly exhibit appropriate citations to the record on appeal and legal authority upon which they rely. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

We further note that petitioner lists only one assignment of error in his brief to this Court related to the circuit court's termination of his parental rights. However, petitioner provided a discussion of multiple assignments of error in the body of his brief. To better address those issues, we separate petitioner's assignment of error related to the termination of his parental rights into the following alleged errors: (1) the circuit court erred in adjudicating petitioner; (2) the circuit court erred in terminating petitioner's improvement period; (3) the circuit court erred in denying petitioner a post-dispositional improvement period; and (4) the circuit court erred in terminating petitioner's parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner abused illegal substances, subjected the child to deplorable living conditions, and left the child without an appropriate caregiver as a result of his incarceration for violating the terms of his home incarceration. The following month, petitioner stipulated that he exposed the child to unsafe conditions in the home and that his history of substance abuse affected his ability to properly care for his child. Accordingly, the circuit court adjudicated petitioner as an abusive and neglectful parent. Thereafter, petitioner was granted a post-adjudicatory improvement period. According to the family case plan, petitioner was required to improve his impulse control, refrain from using illegal substances and associating with inappropriate individuals, provide a safe and stable home, provide basic necessities without the help of others, and address any mental health issues. Further, the case plan noted that petitioner's improvement period would be immediately revoked if he became incarcerated, failed to comply with the terms of his improvement period, or participated in any criminal activity.

In January of 2015, the DHHR filed a motion to terminate petitioner's post-adjudicatory improvement period on the grounds that he drove a vehicle without a valid driver's license, violated the terms of his home incarceration on two separate occasions (which led to his incarceration), fled from police officers after a traffic stop, and denied violating the terms of his home incarceration under oath despite previously admitting to the violations. Following a hearing on the DHHR's motion, the circuit court terminated petitioner's improvement period. The circuit court found that petitioner engaged in new criminal activity, violated the terms of his home incarceration, consumed alcohol, was discharged from services, and failed to be truthful with the multidisciplinary team regarding violating the terms of his improvement period.

In August of 2015, the circuit court held a dispositional hearing. Because petitioner engaged in "reckless conduct," violated the terms of his improvement period, failed to obtain employment, and failed to accept responsibility for his conduct, the circuit court found that petitioner failed to respond to or follow through with a reasonable family case plan and terminated his parental rights to R.C. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

2

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

To begin, petitioner argues that the circuit court erred in adjudicating him as an abusive and neglectful parent. Petitioner's argument is without merit. He ignores the fact that he voluntarily stipulated that he was an abusive and neglectful parent by admitting that R.C. was living in an unsafe home and that his substance abuse negatively affected his ability to parent his child. For this reason we find no error.

Next, petitioner argues that the circuit court erred in terminating his improvement period. We do not agree. In addressing improvement periods, we have previously held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period before the [applicable] time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). While it is true that petitioner complied with some services, it is undisputed that petitioner failed to address his substance abuse and violated the terms of his improvement period as outlined above. The circuit court was presented with evidence that petitioner participated in additional criminal activity, which was also a violation of the terms of his home incarceration.[3] Additionally, petitioner was incarcerated for approximately three weeks and failed to obtain employment. It is undisputed that petitioner was aware that his improvement period would be immediately revoked if he participated in any additional criminal activity. As such, it is clear the circuit court had sufficient evidence to find that petitioner was not making the necessary progress in his improvement period, and we find no error in the revocation of the same.

As to petitioner's argument that the circuit court erred in denying his motion for a dispositional improvement period, we find no error in this regard. We have often explained that circuit courts have discretion in deciding whether to grant or deny a respondent parent's motion for a dispositional improvement period. West Virginia Code § 49-6-12(c)(2) provides that circuit courts may grant a dispositional improvement period if "[t]he respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" As used in West Virginia Code § 49-6-12, the word "may" is a permissive term connoting discretion. *Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n.12, 328 S.E.2d 492, 500 n.12 (1985) (stating that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes

---

[3]Specifically, petitioner led law enforcement officers on a high-speed chase and was charged with two counts of defective equipment, driving on a revoked license for DUI, and fleeing from a law enforcement officer by means other than a vehicle.

discretion." (citations omitted)); Syl. Pt. 2, in part, *In re Lacey P*., 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [respondent parent] is making the necessary progress.").

In this case, the record is clear that petitioner failed to demonstrate that he was likely to fully comply with a dispositional improvement period. While petitioner substantially complied with a self-imposed dispositional improvement period, he failed to comply with services implemented after the circuit court terminated his post-adjudicatory improvement period and upon his release from incarceration. Petitioner failed to attend five service appointments. Importantly, petitioner failed to acknowledge the existence of the conditions of abuse and neglect in the home. This Court has previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While it is true that petitioner initially admitted exposing the child to unsafe conditions in the home and that his substance abuse affected his ability to properly care for his child, petitioner testified that he "fudged" his stipulated adjudication so that he would be granted an improvement period. Based on this evidence, we find that the circuit court did not abuse its discretion in denying his motion for a dispositional improvement period.

As to petitioner's argument that the circuit court erred in terminating his parental rights, we find no error. As addressed above, the evidence established that petitioner failed to comply with the DHHR's services. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child."[4] Moreover, we have held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Based on our review of the record before us, we find that the circuit court was presented with

---

[4]Because the dispositional hearing in this matter took place on August 10, 2015, after the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the revised versions of those statutes on appeal.

sufficient evidence to find that it was in the child's best interest to terminate petitioner's parental rights. Here, despite petitioner's initial compliance with the terms of his improvement period, he failed to implement those services and showed minimal, if any, improvement. The evidence below showed that petitioner continued to place his child at risk due to petitioner's continued participation in criminal behavior. Further, petitioner failed to participate in services upon his release from incarceration and failed to acknowledge that his behavior was detrimental to R.C.'s well-being. Contrary to petitioner's argument that his rights were terminated based upon his incarceration, the circuit court did not consider petitioner's brief incarceration in terminating his parental rights to R.C. It is uncontroverted that petitioner was not incarcerated during the final dispositional hearing and the circuit court's order terminating his parental rights is devoid of any findings of fact or conclusions of law that his parental rights were terminated because of his brief incarceration. Accordingly, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Accordingly, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 31, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **March 7, 2016**


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II